FILED

2017 SEP 14  P 1: 12

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

DORA L. ADKINS,
P.O. BOX 3825
MERRIFIELD, VA 22116

Plaintiff (*pro se*),

V.    CIVIL ACTION NO.:  1:17CV1023 -AJT/JFA

WHOLE FOODS MARKET GROUP, INC.,
REGISTERED AGENT / REGISTERED OFFICE
CT CORPORATION SYSTEM
4701 COX ROAD, SUITE 285
GLEN ALLEN VA 23060

Defendant.

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>


**NOTE**: COMPLAINT PRESENTED IN NOTEBOOK TO HOLD PHOTOS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

FILED

\>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

2017 SEP 14  P 1: 20

DORA L. ADKINS,
P.O. BOX 3825
MERRIFIELD, VA 22116

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Plaintiff (*pro se*),

V.   CIVIL ACTION NO.:

WHOLE FOODS MARKET GROUP, INC.,
REGISTERED AGENT / REGISTERED OFFICE
CT CORPORATION SYSTEM
4701 COX ROAD, SUITE 285
GLEN ALLEN VA 23060

Defendant.
\>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

## COMPLAINT:

COMES NOW the Plaintiff, Dora L. Adkins, *pro se* provides a "Complaint,"

against the Defendant, Whole Foods Market Group, Inc., for Count I: Breach of

Contract; Count II: Gross Negligence; Count III: Intentional Infliction of

Emotional Distress and Claims for Punitive Damages which are Warranted as a

*Prima Facie* Case Cause of Action, states as follows:

## DIVERSITY JURISDICTION

This Court enjoys subject matter jurisdiction over this action under 28 U.S.C.

§1332(a)(1) because the Plaintiff, Dora L. Adkins resides in the State of Virginia

1

and Defendant's Principal Office located in Austin, Texas which makes the two parties citizens of different states and the amount *in controversy* exceeds $75,000. Specifically, Dora L. Adkins resides in Fairfax County with a mailing address of P.O. Box 3825, Merrifield, VA 22116 and the Defendant, Whole Foods Market Group, Inc.'s Principal Office, 550 Bowie St., ATTN: Licensing Team, Austin TX 78703. (*See*, EXHIBIT #1: Copy of Business Entity Details for Whole Foods Market Group, Inc., Proof of Diversity). The Diversity of citizenship between the Plaintiff, Dora L. Adkins and the Defendant, Whole Foods Market Group, Inc., is completely different; as well as, the amount *in controversy* is for TWENTY-Million Dollars and this Honorable Court holds jurisdiction over the Complaint.

Plaintiff is asking for in Count I: Breach of Contract: 10-Million Dollars; Count II: Gross Negligence Claim: 10-Million Dollars; Count III: Intentional Infliction of Emotional Distress - 10-Million Dollars; Punitive Damages: 20-Million Dollars. The *in controversy* amount for Punitive Damages is 20-Million Dollars.

## INTRODUCTION TO PRIMA FACIE CASE:

1. On September 3, 2017, Plaintiff suffered a severe and debilitating physical injury of food poisoning after consuming a piece of chicken and half and some collard greens that had just come from the kitchen on a food cart by an employee named Lousa or Youssef (spelling may be incorrect) as fresh dishes for the Hot Bar newly named Chief Inspired; and fried vegetables in the

2

shape of French Fries called Yuca from its Hot Bar located at the Whole Foods Market, 7511 Leesburg Pike, Falls Church, VA 22043; for which the Defendant, Whole Foods Market Group, Inc., is the owner and operator.

The employee that had been following the Plaintiff inside the Whole Foods Tyson's showed up directly adjacent to the Hot Bar and was suddenly working in the section of bottled drinks; as soon as Plaintiff got to the checkout counter the same employee was now directly beside the Plaintiff bagging for the employee ringing up customers groceries: (EXHIBIT #2: *See*, Copy of Receipt for Dinner Purchased on September 3, 2017; EXHIBIT #3: *See* Photos 1-18).

- On August 14, 2017, Plaintiff purchased a slice of Pepperoni Pizza with possible contamination when the server had a reddish liquid dripping from her plastic glove on one hand and was noted by the Plaintiff when she removed the slice of Pepperoni Pizza from a hot oven. Plaintiff had been waiting in line for service and the manager for the Hot Bar named Mesaya came out and allegedly whispered something into the ear of the employee and the employee looked directly at the Plaintiff. What was whispered can allegedly be assumed it was directed towards the Plaintiff because the employee drew her attention to the Plaintiff while waiting on another customer. (EXHIBIT #4: *See*, Copy of Receipt for Slice of Pepperoni Pizza Purchased on August 14, 2017; EXHIBIT #3: *See* Photos 1-18).

3

- An employee for approximately 8-10 and/or 2-months timeframe had been following Plaintiff around the Whole Food Market Tyson's. The first time noticed by Plaintiff was directly after Plaintiff had entered the Whole Food Market Tyson's, and sampled 2-Brazil Nuts on her way to the Hot Bar, and the employee came from the back section of the store and jumped out at Plaintiff and asked if Plaintiff found some sort of seeds my name that she was looking for. The employee corrected himself by stating, "I thought you were the person asking for some sort of seeds by name." (<u>EXHIBIT #5</u>: *See*, Copy of Email Sent to Guy Gordon).

- The next times were just everywhere Plaintiff went inside the Whole Food Market Tyson's, the employee quickly showed up for example, Plaintiff went to the Bakery and shortly afterward the employee was suddenly there stacking breads, etc. (<u>EXHIBIT #5</u>: *See*, Copy of Email Sent to Guy Gordon).

- On August 24, 2017, Plaintiff purchased a 365 7-Day Quick Cleanse product from the Whole Body Department. Plaintiff had difficulties finding someone working in the Whole Body Department and asked a supervisor who stated she was busy with another customer. When the employee for the Whole Body Department showed up in her department, Plaintiff had located the Cleanse products in the Healthy

4

Digestion section and found the first box to be open and on the shelf for sale. Plaintiff chose the second box of Cleanse behind the open box and pointed out the open box to the employee and suggested the open box should not be on the shelf. (EXHIBIT #6: *See*, Copy of Receipt for 365 7-Days Quick Cleanse Product Purchased on August 24, 2017).

- Plaintiff reported to Guy Gordon, Management for Whole Foods Market Tyson's that the same employee nearly ran over the Plaintiff with a cart carrying large amounts of bottled drinks stacked high. After Plaintiff moved to the other side of the employee's path, the employee steered the cart directly where Plaintiff was walking. When Plaintiff passed the employee, Plaintiff look back and the employee was laughing.

- While Plaintiff was meeting with Guy Gordon that the same employee in a supervisor role who indicated she was busy with another customer came to an empty bar stool inside the store facing the outside patio and allegedly may have taken a photo and/or photos of the Plaintiff as she waited for Guy Gordon to return with an Incident Report Form. When Plaintiff took a photo of where the employee sat from outside and the inside the store, the bar stool chosen by the employee was the *only* position she could have

allegedly taken a photo on her cell-telephone. The photo of the where the employee sat proves the employee allegedly captured a photo of the Plaintiff because there were three empty bar stools none of which would have been the right viewpoint to capture a photo of the Plaintiff.

## PRIMA FACIE CASE:

## FACTS OF THE COMPLAINT:

2.  On Sunday, September 3, 2016, at approximately 4:00 p.m., Plaintiff stopped by the Whole Foods Market Tyson's to pick up some dinner as she had numerous times prior because Plaintiff eat *all* of her meals out. Plaintiff purchased two yellow peaches, a container of watermelon, some collards greens and one and half pieces of chicken that had just come out of the kitchen on a food cart by an employee named Lousa or Youssef (spelling may be incorrect) which replaced the same dishes which were low on the Hot Bar, newly named Chef Inspired. Plaintiff also selected a vegetable that is fried and in the shape of French Fries called Yuca that was already on the Hot Bar;s selection. The last item for purchase was (1) gallon of bottled water. (EXHIBIT #1: *See*, Copy of Receipt for Dinner Purchased from Whole Foods Market Tyson's on September 3, 2017).

3.  Plaintiff took the food home and consumed the collard greens and one and half pieces of chicken and the fried vegetables called Yuca with some water.

4.  At approximately 11:00 p.m. – 12.00 a.m., Plaintiff awaken feeling very sick, weak, nauseated; dizzy and unable to get out of bed. Plaintiff struggled to get out of bed and went to the bathroom and back to the bed but was unable to sleep. Plaintiff experienced going in and out of consciousness and did not realize at the time that that was what she experienced.

5.  Plaintiff had an immediate need to go to the restroom and her dinner was violently vomited up almost missing the commode. (EXHIBIT #3: See, Photos (1-18); Plaintiff's Vomit; See, Photos (1-18) of BR – Organic Brushing and Rinse and a Bottle of Charcoal Tablets for aiding with Food Poisoning). Plaintiff remembered to rinse and brush her mouth with BR – Organic Brushing and Rinse that had Oxygen Essential on the label of the bottle which immediate helped Plaintiff from going in and out of consciousness or dying.

6.  Plaintiff managed to get dressed and decided that the incident should be reported to management for Whole Foods Market Tyson's. (EXHIBIT #5: See, Copy of Email of the Recap of the Report to Guy Gordon Sent on September 5, 2017). Plaintiff experienced going in and out of consciousness as she sat outside of the Whole Foods Market Tyson's reporting the issue; as well as, Plaintiff's speech slurred as she spoke to Guy Gordon and pointed the fact out to him. When Guy Gordon went to get an Incident Report Form the same employee who would not assist Plaintiff with getting someone to assist Plaintiff with finding the 365 7-Days Quick Cleanse product allegedly held her cell-

telephone into the direction in which Plaintiff sat at a table outside Whole Food Market Tyson's. (<u>EXHIBIT #3</u>: *See*, Photos (1-18) of Where Plaintiff Sat Outside of the Whole Foods Market Tyson's and the Inside Where the Alleged Photo of Plaintiff was Taken.

7.  Plaintiff feeling very weak went to Tyson's Bagel Market for a Bagel along with a Lime Italian Sparkling Drink in hopes of stabilizing Plaintiff's stomach from nausea and after eating took two tablets of Charcoal for Food Poisoning. Plaintiff went to a Pharmacist at Giant to verify the symptoms Plaintiff experienced were those of Food Poisoning. (<u>EXHIBIT #4</u>: *See*, Photos (1-18) Photo #1: BR – BR – Organic Brushing and Rinse & Charcoal Tablets; <u>EXHIBIT #7</u>: Copy of Receipt and Photo of Tyson's Bagel Market; <u>EXHIBIT #8</u>: Copy of Business Card of Lena Soni, R. Ph., Pharmacist for Giant).

8.  Plaintiff went back to Whole Foods Market Tyson's on Friday, September 8, 2017 and took Photos from inside and outside Whole Foods Market Tyson's to best correlate the facts of this Complaint. (<u>EXHIBIT #3</u>: *See*, Photos (1-18) Which Back Traced Plaintiff in the Whole Foods Market Tyson's Leading Up to Plaintiff's Food Poisoning). The Photos show how Plaintiff entered Whole Foods Market Tyson's and would usually take one or two routes to the Hot Bar for Breakfast, Lunch and Dinner. The Photos shows the Hot Bar, Olive Bar, Bakery, Pizza Bar and/or Pizza / Delia Station and the Seeds and Nuts section and the isles to water and teas, etc., and to 365 7-Days Quick

Cleanse product. The photos also shows where an employee would come in close proximity to the Plaintiff when she went to the Hot Bar and Bakery.

9.  On Friday, September 1, 2017, Plaintiff went to the Whole Foods Market Old Town Alexandria where Plaintiff went to the Whole Body Department specifically to purchase a product to aid with cleaning toxins from Plaintiff's mouth. Plaintiff purchased BR – Organic Brushing and Rinse (Essential Oxygen) to rid toxins from the mouth and produce fresher breath, whiter teeth and healthier gums. Plaintiff believes the BR – Organic Brushing and Rinse (Essential Oxygen) may have saved Plaintiff's life because everything was moving around Plaintiff as she felt very dizzy and in and out of consciousness. (EXHIBIT #5: See, Copy of Email of the Recap of the Report to Guy Gordon Sent on September 5, 2017).

10.   The facts surrounding being Food Poisoned on Saturday, September 19, 2015, after consuming two duck wraps and a Bragg Apple Cider Vinegar Drink with the Grape Concord flavor, purchased from Whole Foods Market located at Fair Lakes are too close in resemble to not believe the proof of the Food Poisoning was an act of malicious wrongdoing of attempted premeditated murder of the Plaintiff since Plaintiff had loss of life in the Food Poisoning of Saturday, September 19, 2015. (Lawsuit Filed December 1, 2015, *Dora L. Adkins v. Whole Foods Market Group, Inc.*).

11.      Plaintiff received an email and correspondence from Gallagher

9

Bassett Services, Inc., regarding the crime of Food Poisoning committed against her but no response to Gallagher Bassett Services, Inc., thus far by Plaintiff (EXHIBIT #9: *See*, Copy of Email and Letter).

12.      On September 4, 2017, Plaintiff reported three incidents to Guy Gordon, while still being in the initial stages of the Food Poisoning episode; which were the Food Poisoning regarding the food Plaintiff ate from the Hot Bar on September 3, 2017 and how the dishes Plaintiff normally eat arrived at the *exact time* Plaintiff went to the Hot Bar. Plaintiff indicated that she disliked reporting that an employee for the store had been following her around the store and shared how he would appear in close proximity where Plaintiff went to various sections and/or departments within the store. Plaintiff shared with Guy Gorgon regarding a slice of Pepperoni Pizza the Plaintiff had been served by an employee wearing plastic gloves with a reddish substance dripping from one glove on one hand that placed and removed the slice of Pepperoni Pizza from an oven.

13.      **COUNT I: ELEMENTS OF BREACH OF CONTRACT &
FACTS TO SUPPORT A CAUSE OF ACTION FOR BREACH OF
CONTRACT:**

**ELEMENTS OF BREACH OF CONTRACT:**

The elements of breach of contract include the following: *Brown v. Harms*, 251 Va. 301, 306, 467 S.E.2d 805, 807 (Va. 1996) ("the essential elements of a cause of action for breach of contract are: (1) a legal obligation of a defendant to

the plaintiff, (2) a violation or breach of that right or duty, and (3) a consequential injury or damage to the plaintiff.") (internal quotations omitted) Retrieved on September 10, 2017 from http://www.nylitguide.com/survey-50 states breach-contract-claim/

(1) The existence of a valid contract:

"a written or spoken agreement, especially one concerning employment, sales, or tenancy that is intended to be enforceable by law."

14. **FACTS TO SUPPORT A CAUSE OF ACTION FOR BREACH OF CONTRACT:**

Defendant, Whole Foods Market Group, Inc., as owner and operator had an obligation to the Plaintiff, and violated or breach of that right or duty, and caused a consequential injury or damage after been targeted and followed by an employee inside the Whole Foods Market Tyson's for approximately 2-months to determine Plaintiff's intake of food purchased from the Hot Bar for attempted premeditation murder of the Plaintiff through Food Poisoning.

15. Defendant, Whole Foods Market Group, Inc., as owner and operator had an obligation to the Plaintiff, and violated or breach of that right or duty, and caused a consequential injury or damage to the Plaintiff when Plaintiff suffered a severe and debilitating physical injury of food poisoning after purchasing and consuming a piece of chicken and half and collard greens that had just come

11

from the kitchen on a food cart by an employee named Lousa or Youssef (spelling may be incorrect) as fresh dishes for the Hot Bar; and fried vegetables in the shape of French Fries called Yuca from it Hot Bar, newly named Chief Inspired.

16.     Defendant, Whole Foods Market Group, Inc., as owner and operator had an obligation to the Plaintiff, and violated or breach of that right or duty, and caused a consequential injury or damage to Plaintiff when Plaintiff purchased a slice of Pepperoni Pizza with possible contamination when the server had a reddish liquid dripping from her plastic glove on one hand and was noted by the Plaintiff when she removed the slice of Pepperoni Pizza from a hot oven. The employee stated to the Plaintiff, did you change your mind and immediately threw the slice of Pepperoni Pizza in the trash can but not before pulling the price sticker from the alleged contaminated pizza box. Luckily, for the Plaintiff she informed the employee that she did not want the slice of Pepperoni Pizza because whatever was dripping from the plastic glove on one hand of the employee may have gotten on the slice of Pepperoni Pizza. Defendant, Whole Foods Market Group, Inc., as owner and operator had an obligation to Plaintiff, and violated or breach of that right or duty, and caused a consequential injury or damage when it allowed an employee for approximately 8-10 times and/or approximately 2-months timeframe to follow the Plaintiff around the Whole Food Market Tyson's to allegedly monitors Plaintiff's intake for Food Poisoning.

12

17.    Defendant, Whole Foods Market Group, Inc., as owner and operator had an obligation to Plaintiff, and violated or breach of that right or duty, and caused a consequential injury or damage when it allowed it employees to have open boxes of oral and/or products used internally on its shelf, such as a Body Cleanse.

18.    Defendant, Whole Foods Market Group, Inc., as owner and operator had an obligation to Plaintiff, and violated or breach of that right or duty, and caused a consequential injury or damage when an employee allegedly took a photo of the Plaintiff without Plaintiff's permission.

19.    Defendant, Whole Foods Market Group, Inc., as owner and operator had an obligation to Plaintiff, and violated or breach of that right or duty, and caused a consequential injury or damage when Plaintiff nearly got run over by the same employee who followed the Plaintiff, pushed a large cart of drinks stacked high directly into Plaintiff's pathway after Plaintiff had moved to the other side of the isle. Plaintiff has raised a plausible inference of deliberate misconduct to support a claim for Gross Negligence. The factual allegations raised a plausible inference that Defendant, Whole Foods Market Group, Inc., employees intentionally sold the Plaintiff food that had been contaminated in order to "target and intentionally harm" if not kill the Plaintiff.  Plaintiff has clearly shown from the above factual information that a legally enforceable duty was created on the Defendant, Whole Foods Market Group, Inc., to support Plaintiff's

13

claim that Whole Foods Market Group, Inc., beached a contract.

20. **COUNT II: ELEMENTS FOR GROSS NEGLIGENCE AND FACTS TO SUPPORT A CAUSE OF ACTION FOR GROSS NEGLIGENCE: ELEMENTS FOR GROSS NEGLIGENCE:**

"Willful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct would probably cause injury to another."

In Virginia, Gross Negligence is defined as "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another. It is a heedless and palpable violation of legal duty respecting the rights of others." *Reid v. Newton*, 2014 WL 1493569, 7* (E.D. Va. Apr. 14, 2014) (quoting *City of Lynchburg v. Brown*, 613 S.E.2d 407 (VA. 2005)).

To state a claim for Gross Negligence, a Virginia Plaintiff must plead the regular elements of a negligence claim-namely, the existence of a duty imposed on the defendant, a breach of that duty and consequent damage-and also plausibly allege that the defendant's conduct constitutes "want of even scant care" and amounts to "the absence of slight diligence." *Reid*, WL 1493569, *7 (quoting *City of Lynchburg*, 613 S.E.2d at 410).

To claim Breach of Contract, the [p]laintiff must first establish there was a valid contract to be breached. The essential elements of a contract are offer and

14

acceptance, with valuable consideration." *Skyes v. Brady-Bushey Ford, Inc.*, 69 Va. Cir. 219, 221 (2005) citation omitted).

21.   **FACTS TO SUPPORT GROSS NEGLIGENCE:**

Defendant, Whole Foods Market Group, Inc., as owner and operator violated its legal duty respecting the rights of others and amounts to the absence of slight diligence or the want of even scant care when Plaintiff was targeted and followed by an employee inside the Whole Foods Market Tyson's for approximately 2-months to determine Plaintiff's intake of food from the Hot Bar for alleged attempted premeditation murder of the Plaintiff. Defendant, Whole Foods Market Group, Inc.'s allege negligence would shock fair minded persons because the attempted premeditation murder of the Plaintiff with similar factual allegations took place approximately 2-Years ago from two contaminated duck wraps sold "intentionally" to the Plaintiff when she was targeted for Food Poisoning.

22.   Defendant, Whole Foods Market Group, Inc., as owner and operator violated its legal duty respecting the rights of others and amounts to the absence of slight diligence or the want of even scant care when Plaintiff suffered a severe and debilitating physical injury of food poisoning after purchasing and consuming a piece of chicken and half and some collard greens that had just come from the kitchen on a food cart by employee named Lousa or Youssef (spelling may be incorrect) as fresh dishes for the Hot Bar; and fried vegetables

15

in the shape of French Fries called Yuca from it Hot Bar. Defendant, Whole Foods Market Group, Inc., as owner and operator willful and wanton conduct caused Plaintiff a severe and debilitating physical injury of food poisoning after been targeted intentionally and deliberately.

23.   Defendant, Whole Foods Market Group, Inc., as owner and operator violated its legal duty respecting the rights of others and amounts to the absence of slight diligence or the want of even scant care when Plaintiff purchased a slice of Pepperoni Pizza with possible contamination when the server had a reddish liquid dripping from her plastic glove on one hand and was noted by the Plaintiff when she removed the slice of Pepperoni Pizza from a hot oven. Luckily, for the Plaintiff she informed the employee that she did not want the slice of Pepperoni Pizza because whatever was dripping from the plastic gloves may have gotten on the slice of Pepperoni Pizza. Defendant, Whole Foods Market Group, Inc., acted with reckless indifference to the consequences of selling Plaintiff contaminated food from its Pizza Bar.

23.   Defendant, Whole Foods Market Group, Inc., as owner and operator violated its legal duty respecting the rights of others and amounts to the absence of slight diligence or the want of even scant care when it allowed an employee for approximately 8-10 times followed the Plaintiff around the Whole Food Market Tyson's. Defendant, Whole Foods Market Group, Inc., acted with reckless indifference to the consequences because it was aware and with

knowledge of the existing circumstances and conditions, that Whole Foods Market Group, Inc.'s conduct would cause injury to the Plaintiff because Plaintiff died from food poisoning in September 2015 when Plaintiff consumed two contaminated duck wraps that were intentionally and deliberately sold to the Plaintiff.

24.    Defendant, Whole Foods Market Group, Inc., as owner and operator violated its legal duty respecting the rights of others and amounts to the absence of slight diligence or the want of even scant care when it allowed it employees to have open boxes of oral and/or products used internally on its shelf, such as a Body Cleanse. Defendant, Whole Foods Market Group, Inc., alleged failures do rise to the level of "utter disregard of prudence amounting to complete neglect of the safety of another," because open boxes of oral and/or products used internally should not be out for sale.

25.    Defendant, Whole Foods Market Group, Inc., as owner and operator violated its legal duty respecting the rights of others and amounts to the absence of slight diligence or the want of even scant care when an employee allegedly took a photo of the Plaintiff. Defendant, Whole Foods Market Group, Inc., failures amount to "heedless and palpable violation of legal duty respecting the rights of other," when Plaintiff felt violated that an alleged photo and/or photos were taken of her without her permission.

26.    Defendant, Whole Foods Market Group, Inc., as owner and operator

17

violated its legal duty respecting the rights of others and amounts to the absence of slight diligence or the want of even scant care when Plaintiff nearly got run over by the same employee who followed the Plaintiff, pushed a large cart of drinks stacked very high directly in Plaintiff's pathway after Plaintiff had moved to the other side of the isle. Defendant, Whole Foods Market Group, Inc., allege Gross Negligence would shock fair minded persons that allegedly an employee would on purpose attempt to cause an injury to Plaintiff by pushing a cart full of bottled drinks in Plaintiff's path.

27.    Plaintiff has raised a plausible inference of deliberate misconduct to support a claim for Gross Negligence. The factual allegations raised a plausible inference that Defendant, Whole Foods Market Group, Inc.'s, employees named Mesaya and Lousa or Youssef (spelling may be incorrect)  intentionally and deliberately sold the Plaintiff food that had been contaminated in order to "target and intentionally harm" if not kill the Plaintiff.  Whole Foods Market Group, Inc., as owner and operator violated its legal duty through a Breach of Contract through underlying torts of Gross Negligence and Intentional Infliction of Emotional Distress actions. Based on Virginia law, Plaintiff has stated claims for Gross Negligence that was created by the Defendant, Whole Foods Market Group, Inc., by grossly negligent misconduct

28.    **COUNT III: ELEMENTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND FACTS TO SUPPORT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**

18

## ELEMENTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

- Extreme or outrageous conduct that
- Intentionally or recklessly causes
- Severe emotional distress (and possible also bodily harm)

29.   **FACTS TO SUPPORT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**

**Extreme and Outrageous Conduct:**

Defendant, Whole Foods Market Group, Inc., as owner and operator alleged behavior constitutes extreme and outrageous conduct when it allegedly intentionally and recklessly caused the Plaintiff to suffer a severe and debilitating physical injury of food poisoning after consuming a piece of chicken and half and some collard greens that had just come from the kitchen on a food cart by an employee named Lousa or Youssef (spelling may be incorrect) as fresh dishes for the Hot Bar.

30.   Defendant, Whole Foods Market Group, Inc., as owner and operator have not corrected a problem of food contamination directed at the Plaintiff nor has it corrected problems with contaminated boxes of contaminated and/or tampered Body Cleanse products on the shelf for sell to its customers. Plaintiff previously had a Body Cleanse products tablets purchased from Defendant, Whole Foods Market Group, Inc., get enlarged in her throat for approximately 12-hours.

31.   <u>Intent/Recklessness:</u>

In addition to acting in an extreme an outrageous manner, Whole Foods

Market Group, Inc., as owner and operator acted with <u>intent or recklessness</u> because Whole Foods Market Group, Inc., allegedly targeted the Plaintiff when it Breached its Contract with the Plaintiff by selling Plaintiff contaminated food from its Hot Bar, newly named Chef Inspired and watched the Plaintiff for the purpose of finding out what foods Plaintiff ate from the Hot Bar to commit a horrific crime of Food Poisoning.

32.   <u>Severe Emotional Distress</u>:

In the Plaintiff's claim for Intentional Infliction, the Plaintiff's Emotional Distress in response to extreme and outrageous behavior reached a "severe" level. Plaintiff can prove an injury that the Emotional Distress she experienced reached a sufficient level of severity, which justifies an award for Intentional Infliction. Plaintiff has shown proof of a physical injury from September 3, 2017 and wanton or willful conduct by the Defendant, Whole Foods Market Group, Inc.

33.   Plaintiff did not realize the gravity of damages until after Plaintiff analyzed the factual allegations surrounding Plaintiff's Food Poisoning from September 2015 by Defendant, Whole Foods Market Group, Inc., to the factual allegations alleged in this Complaint approximately 2-years later are identical.

34.   The intensity and duration of the emotional distress also contributed a state of unbearable to endure to Plaintiff's severity, in that, she become bed-ridden and/or out of commission when Plaintiff is faced with an unresolvable

20

issue such as a target to be murdered because the Defendants actions go beyond all possible bounds of decency.

35.    Defendant, Whole Foods Market Group, Inc., as owner and operator alleged "wrongdoer had specific purpose of inflicting emotional distress or where he intended his specific purpose of inflicting emotional distress would likely result," when Plaintiff compared the symptoms she was experiencing; they were the exact same symptoms from two other incidents of Food Poisoning; previously with the Defendant, Whole Foods Market Group, Inc., in September 2015 and another incident with Residence Inn Marriott in July 2011, located in Fairfax, VA.

36.    Defendant, Whole Foods Market Group, Inc.'s., as owner and operator alleged conduct "offends against the generally accepted standards of decency and morality," when a physical injury was intentionally caused to the Plaintiff to bring about death.

37.    Defendant, Whole Foods Market Group, Inc., as owner and operator alleged "liability has been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society," when Plaintiff could have died from her injury of Food Poisoning if she did not think quickly to rinse with BR – Organic Brushing and Rinse (Essential Oxygen).

38.   Defendant, Whole Foods Market Group, Inc., as owner and operator allege "liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it," because Plaintiff even though she was aware of being Food Poisoned did not take immediate actions when she was unable to get out of bed, or to go back to sleep and it wasn't until Plaintiff made the verbal report to Guy Gordon on Monday, September 4, 2017 that attempted premeditated murder of Plaintiff had taken place.

39.   Defendant, Whole Foods Market Group, Inc., as owner and operator alleged "liability has been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society," because allegedly employees for the Defendant, Whole Foods Market Group, Inc., targeted the Plaintiff way before the two-months of following the Plaintiff around inside Whole Food Market Tyson's to deliberately plan a course of action to murder the Plaintiff through her intake of food purchased at its Market.

40.   Defendant, Whole Foods Market Group, Inc., as owner and operator alleged "liability has been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

22

society," when Plaintiff may have caught the first attempt to murder the Plaintiff through Food Poisoning from the reddish substance dripping on a slice of Pepperoni Pizza Plaintiff stood in line for approximately 20-minutes to purchase. Proof of such attempt was the alleged whispering in the ear by the Mesaya, Manager for the Hot Bar, newly named Chef Inspired to the employee who would be serving the Plaintiff next in line to Plaintiff observation that something reddish was dripping from the employee's plastic glove that she quickly removed from one hand only.

41.    Defendant, Whole Foods Market Group, Inc., as owner and operator alleged "liability has been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society," when Plaintiff in her most vulnerable time and while still going in and out of consciousness had to be concern about allegedly having photos taken of her why she waited for Guy Gordon to get an Incident Report Form. Plaintiff has stated a claim for Intentional Infliction of Emotional Distress against Whole Foods Market Group, Inc.

42.    **CLAIM: ELEMENTS FOR PUNITIVE DAMAGES AND FACTS TO SUPPORT PUNITIVE DAMAGES**:

**ELEMENTS FOR PUNITIVE DAMAGES:**

Punitive Damages may only be awarded where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious

23

disregard of the rights of others. *Giant of Virginia v. Pigg*, 207 Va. 679, 685-86 (1967)."

43. **FACTS TO SUPPORT PUNITIVE DAMAGES**:

The Cause of Action for this lawsuit is a Breach of Contract caused by the underlying torts of Gross Negligence and Intentional Infliction of Emotional Distress. The Defendant's misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of Plaintiff when the Defendant attempted to murder Plaintiff through her intake by Food Poisoning.

44. Defendant, Whole Foods Market Group, Inc., as owner and operator acted wantonly, oppressively with its misconduct or actual malice or recklessness when Plaintiff purchased and was sold food that could kill her through Food Poisoning of the food items Plaintiff selected and consumed from its Market.

45. The actions by the tortfeasors were malicious to the degree of being Criminal in such, that Plaintiff's was targeted to bring about physical harm and/or her death. The Defendant, Whole Foods Market Group, Inc., misconduct or actual malice or recklessness or negligence evinced a conscious disregard of the rights of the Plaintiff when it by an agreement directed the employees to contaminate food purchased and sold to the Plaintiff.

46. Defendant, Whole Foods Market Group, Inc., as owner and operator

24

acted wantonly, oppressively with its misconduct or actual malice or recklessness caused Plaintiff to become highly concerned about dying from food contamination.

47.   Defendant, Whole Foods Market Group, Inc., as owner and operator "acted wantonly, oppressively or with such malice as to evince a spirit of malice or criminal indifference to civil obligations," as "[w]illful or wanton conduct imports knowledge and consciousness that injury will result from the act done." The Defendant, Whole Foods Market Group, Inc., as owner and operator willful or wanton conduct imported knowledge and consciousness that injury would result *because of* the September 19, 2015, Food Poisoning incident of Plaintiff. On September 3, 2017, the same employee arrived at the Hot Bar at the *exact time* Plaintiff went to purchase some dinner to carry out attempted premeditated murder of the Plaintiff.

48.   The Defendant, Whole Foods Market Group, Inc., as owner and operator misconduct or actual malice or recklessness forced the Plaintiff to go to another Whole Foods but is fearful the Food Poisoning will happen again.

### SUMMARY:

49.   Plaintiff has been a customer at the Whole Foods Markets for approximately 15-Years and Plaintiff cannot understand why she would be targeted when she is a paying customer with a desire to eat and live a Healthy life style and not be murdered through her consummation of the foods sold to

her. How could Plaintiff in a weakened stage of the Food Poisoning episode report to Guy Gordon (3) separate and different incidents which supports the solid and provable Evidence alleged in the Complaint.

50.   WHEREFORE, this Plaintiff claims FIFTY-MILLION DOLLARS and whatever else this Honorable Court deems appropriate.

Respectfully Yours,

*Dora L. Adkins*

Dora L. Adkins, *pro se*

## ADDENDUM

## COMPENSATORY DAMAGES:

1.   "In accord with the foregoings, Plaintiff claim damages against Defendant as follows:"

A. Compensatory Damages: TOTAL = Approximately $26.00 (NOT INCLUDED):
   (i)     "Cost for Dinner" $5.03
   (ii)    "Cost of BR" $13.99
   (iii)   "Cost of Food to Recover" $5.32
   (iv)   "Cost of Bagel $2.53

Note: The Plaintiff reserves the right to amend the compensatory (which was not added in) and the amounts for damages for Conspiracy; Gross Negligence; Intentional Infliction of Emotional Distress and for Punitive

26

Damages.

B.   PUNITIVE DAMAGES: 20-Million Dollars

<u>Damages</u> - means the amount of compensation the Plaintiff is seeking in this

Breach of Contract lawsuit with a Tort of Gross Negligence; Intentional Infliction

of Emotional Distress and a Claim for Punitive Damages.

JURY DEMANDED

2.   Trial by jury is demanded.

WHEREFORE, plaintiff demands judgment against the defendant, in the

amount of 50-Million Dollars: Count I: Breach of Contract – 10-Million Dollars;

Count II: Gross Negligence – 10-Million Dollars; Count III; Intentional Infliction of

Emotional Distress – 10-Million Dollars; Claim for Punitive Damages – 20-Million

Dollars and/or whatever else the Court deem appropriate.

Respectfully Yours,

Dora L. Adkins, *pro se*

Dora L. Adkins
P.O. Box 3825
Merrifield, Virginia 22116
DoraAdkins7@aol.com

Note: There is no way to contact the Plaintiff; except, by U.S. Mail to the above
address because there is no working telephone number(s) to provide.

27

Respectfully Yours,

Dora L. Adkins, *pro se*

## <u>CERTIFICATE OF SERVICE:</u>

I certify that on September 13, 2017, the "Complaint" was filed with the

United Stated District Court for the Eastern District of Virginia Alexandria

Division against Whole Foods Market Group, Inc., and requested service by

Sheriff was paid in full:

STORE ADDRESS:
WHOLE FOODS MARKET, TYSON'S
7511 Leesburg Pike
Falls Church, VA 22043
Phone: (703) 448-1600

PRINCIPAL OFFICE:
550 BOWIE ST
ATTN: LICENSING TEAM
AUSTIN TX78703

WHOLE FOODS MARKET GROUP INC.
REGISTERED AGENT / REGISTERED OFFICE
CT CORPORATION SYSTEM
4701 COX ROAD, SUITE 285
GLEN ALLEN VA 23060

Respectfully Yours,

Dora L. Adkins, *pro se*